UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHAWN GOODE,<br><br>Petitioner,<br><br>v.<br><br>RUSSELL PERRY, et al.,<br><br>Respondents. | Case No. 3:18-cv-00362-RCJ-WGC<br><br>ORDER |

Before the court is respondents' motion to dismiss certain grounds in Shawn Goode's pro se 28 U.S.C. § 2254 habeas corpus petition as unexhausted (ECF No. 11). As discussed below, motion is granted in part.

**I.    Background & Procedural History**

In August 2012, a jury found Goode guilty of 4 counts of robbery with use of a deadly weapon and 4 counts of burglary with a firearm (exhibit 40).[1] The convictions stemmed from robberies at two dry cleaners, a bagel shop, and a cellular phone store during which he brandished an Airsoft gun. The state district court sentenced him to terms amounting to approximately 15 to 90 years. Exh. 47. Judgment of conviction was filed on November 6, 2012. Exh. 46.

---
[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 11, and are found at ECF Nos. 12-15.

1

1  The Nevada Supreme Court affirmed Goode's convictions, and the Nevada Court of Appeals affirmed the denial of his state postconviction habeas corpus petition. Exhs. 77, 152.

Goode dispatched his federal habeas corpus petition for filing in July 2018 (ECF No. 7). Respondents now move to dismiss certain claims in the petition as unexhausted (ECF No. 11). Goode opposed, and respondents replied (ECF No. 17, 19). Goode then filed another response/opposition, though he did not seek leave of the court as required by Local Rule 7-2(b)(ECF No. 20). The court has reviewed this surreply, and respondents' motion to strike it is granted (ECF No. 21).

## II.  Legal Standard - Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v.*

*Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

### III. Instant Petition

#### a. Grounds I, II, III

Goode argues in these 3 claims that his trial counsel rendered ineffective assistance. In ground 1 he contends that counsel failed to present a defense to the Cricket store burglary and robbery (ECF No. 7, pp. 15-18). In ground II he asserts that counsel failed to prepare and present a defense to the Mikado Cleaners burglary and robbery. *Id.* at 18-20. In ground III he contends that counsel failed to prepare and present a defense to the Top Hat Cleaners burglary and robbery. *Id.* at 20-22.

Goode points out that he presented these claims in his state habeas corpus petition (ECF No.17; exh. 82, pp. 7-10). However, respondents are correct that Goode

did not present these three grounds to the highest state court in his appeal of the denial of the state postconviction petition (ECF No. 11, p. 6; *see* exh. 143). Grounds I, II, and III, therefore, are unexhausted.

### b. Ground VI

Goode asserts that the State failed to prove every element of the crime and that the jury instructions relieved the prosecution of its burden of proof on the question of whether the toy gun used was designed to be used as a deadly weapon and whether the toy gun met the definition of firearm (ECF No. 7, pp. 29-31). Respondents argue that this ground is unexhausted (ECF No. 11, pp. 6-7). However, the court concludes that Goode fairly presented this claim on direct appeal. Exh. 68, p. 10; exh. 77, p. 4. Accordingly, ground VI is exhausted.

### IV. Petitioner's Options Regarding Unexhausted Claim

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the court concludes that grounds I, II, and III are unexhausted and that ground VI is exhausted. Because the court finds that the petition contains unexhausted claims, petitioner has these options:

    1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

    2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

    3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

544 U.S. at 277.

If petitioner wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless. Respondents would then be granted an opportunity to respond, and petitioner to reply. Or petitioner may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**V.     Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 11) is **GRANTED** in part as follows:

Grounds I, II, and III are **UNEXHAUSTED**.

Ground VI is **EXHAUSTED**.

**IT IS FURTHER ORDERED** that petitioner shall have **30 days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted grounds; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted grounds in abeyance while he returns to state court to exhaust his unexhausted grounds. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **30 days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **30 days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

**IT IS FURTHER ORDERED** that respondents' motion for extension of time to file a response to the petition (ECF No. 10) and motion for extension of time to file a reply in support of the motion to dismiss (ECF No. 18) are both **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that respondents' motion to strike (ECF No. 21) is **GRANTED**. Petitioner's surreply at ECF No. 20 shall be **STRICKEN**.

**IT IS FURTHER ORDERED** that petitioner's two motions for case status (ECF Nos. 23 and 24) are both **DENIED** as moot.

DATED: 3 March 2020.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE