# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SHAWN GOODE,

    Petitioner

v.

RUSSELL PERRY, et al.,

    Respondents

Case No.: 3:18-cv-00362-RCJ-WGC

**ORDER**

On March 3, 2020, this court granted in part respondents' motion to dismiss certain grounds in petitioner Shawn Goode's 28 U.S.C. § 2254 habeas corpus petition (ECF No. 25). Goode has filed a motion for clarification of that order as well as a motion for appointment of counsel (ECF Nos. 26, 27).

In its March 3, 2020 order on the motion to dismiss, the court concluded that grounds I, II, and III are unexhausted. Goode did not present these three claims of ineffective assistance of counsel to the highest state court. Thus, with respect to grounds I, II, and III Goode must choose one of the following options (as this court stated in its earlier order):

1. He may submit a sworn declaration voluntarily abandoning grounds I, II, and III of his federal habeas petition and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

Respondents did not challenge grounds IV, V, or VII in their motion to dismiss. Depending on which of the three options Goode chooses regarding the unexhausted grounds respondents may file an answer. Respondents' answer would then address the merits of grounds IV, V, and VII. The answer would also address ground VI because this court held that ground VI is exhausted. Goode must first choose one of the three options with respect to unexhausted grounds I, II, and III before any further litigation of this federal petition.

Goode also filed a motion for appointment of counsel (ECF No. 27). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).

Here, Goode moved for counsel due to his confusion about when the court would address the merits of his claims. His petition sets forth his claims reasonably clearly, and the legal issues are not particularly complex. Thus, with this clarification of when the court will address the merits of his claim, the court concludes that counsel is not warranted. Accordingly, Goode's motion is denied.

**IT IS THEREFORE ORDERED** that petitioner's motion for appointment of counsel is (ECF No. 27) is **DENIED** as set forth in this order.

**IT IS FURTHER ORDERED** that petitioner's motion for clarification (ECF No. 26) is **GRANTED** as set forth in this order.

**IT IS FURTHER ORDERED** that petitioner shall have **30 days FROM THE DATE OF THIS ORDER** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds (grounds I, II, III) for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted grounds; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted grounds in abeyance while he returns to state court to exhaust his unexhausted grounds. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have 30 days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving

grounds of the petition and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have 30 days following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED: 8 July 2020.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE